**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
—————————————————————————————x
                                                    :
                                                    :     Chapter 11
In re:                                              :
                                                    :     Case No. 08-13555 (SCC)
LEHMAN BROTHERS HOLDINGS INC., *et al.*             :
                                                    :
                                   Debtors.          :
—————————————————————————————x
                                                    :
LEHMAN BROTHERS HOLDINGS INC.,                      :
                                                    :     Adversary Proceeding
                                   Plaintiff,        :
                                                    :     Adv. Pro. No. 14-02392 (SCC)
-against-                                           :
                                                    :
HOMETRUST MORTGAGE COMPANY,                         :
                                                    :
                                   Defendant.        :
                                                    :
—————————————————————————————x
                                                    :
HOMETRUST MORTGAGE COMPANY,                         :
                                                    :
                                   Appellant,        :     1:15-cv-04060-LGS
                                                    :
-against-                                           :     On Appeal from the United States
                                                    :     Bankruptcy Court for the Southern
LEHMAN BROTHERS HOLDINGS INC.,                      :     District of New York, Honorable Shelley
                                                    :     C. Chapman, Adv. Pro. No. 14-02392
                                   Appellee.         :
                                                    :
—————————————————————————————x

**MEMORANDUM OF LEHMAN BROTHERS HOLDINGS INC. IN OPPOSITION TO**
**HOMETRUST MORTGAGE COMPANY'S MOTION FOR LEAVE TO APPEAL**
**ORDER AND MEMORANDUM DECISION DENYING MOTION TO DISMISS**

# TABLE OF CONTENTS

**Page(s)**

PRELIMINARY STATEMENT ..................................................................................1

PROCEDURAL HISTORY.......................................................................................3

    A.  The Indemnification Claims ...................................................................3

    B.  Hometrust's Motion to Dismiss the Complaint and Motion for Withdrawal of the Reference ...............................................................................................5

    C.  This Court's Opinion Denying Hometrust's Motion for Withdrawal of the Reference ..................................................................5

    D.  The Order and Decision Denying the Motion to Dismiss.............................................6

ARGUMENT ..........................................................................................................7

I.     The Order Is an Interlocutory Non-Final Order That Cannot Be Appealed Without Leave of Court and Hometrust Cannot Satisfy the High Standard Under 28 U.S.C. § 158(a) and 28 U.S.C. § 1292(b) to Permit Interlocutory Appeal ...........................................................7

    A.  The Question of Law for Which Hometrust Seeks Interlocutory Appeal Has Been Entrusted to the Bankruptcy Court's Discretion and Therefore Cannot Be Considered a "Controlling Question Of Law" Under 28 U.S.C. § 1292(b).....................................8

    B.  There Is No Substantial Ground for Difference of Opinion as to the Bankruptcy Court's Application of Well-Settled Law Concerning the Accrual of Contractual Indemnification Claims....................................................................................9

    C.  This Court Already Determined That Its Involvement Would Not Materially Advance the Ultimate Termination of LBHI's Indemnification Claims ...................................13

    D.  There Are No "Exceptional Circumstances" to Justify Deviating From the General Rule Against Interlocutory Appeals..........................................................................14

CONCLUSION......................................................................................................15

## TABLE OF AUTHORITIES

**Case**                                                                                            **Page(s)**

*ACE Sec. Corp. v. DB Structured Prods., Inc.*,
    112 A.D.3d 522 (N.Y. App. Div. 1st Dep't 2013)............................................................11

*Cal. Pub. Emps.' Ret. Sys. v. WorldCom, Inc.*,
    368 F.3d 86 (2d Cir. 2004)..........................................................................................8

*Capitol Records, LLC v. Vimeo, LLC*,
    972 F. Supp. 2d 537 (S.D.N.Y. 2013)..........................................................................9

*Cont'l Cas. Co. v. Stronghold Ins. Co.*,
    77 F.3d 16 (2d Cir. 1996) ......................................................................................1, 12

*Coopers & Lybrand v. Livesay*,
    437 U.S. 463, 57 L. Ed. 2d 351, 98 S. Ct. 2454 (1978)..................................................8

*Enron Corp. v. Springfield Assocs., L .L.C. (In re Enron Corp)*,
    No. 01 Civ. 16034, 2006 WL 2548592 (S.D.N.Y. Sept.5, 2006)..................................8, 14

*Hahn Auto. Warehouse, Inc. v. Am. Zurich Ins. Co.*,
    967 N.E.2d 1187 (N.Y. 2012)....................................................................................12

*In re Aquatic Development Group, Inc.*,
    196 B.R. 666 (N.D.N.Y.1996)...................................................................................7, 8

*In re Citigroup Pension Plan ERISA Litig.*,
    No. 05 Civ. 5296 (SAS), 2007 WL 1074912 (S.D.N.Y. Apr. 4, 2007).............................9

*In re Enron Corp.*,
    No. 06 Civ. 7828 (SAS), 2007 U.S. Dist. LEXIS 70731 (S.D.N.Y. Sept. 24, 2007)..........9

*In re Flor*,
    79 F.3d 281 (2d Cir. 1996)......................................................................................3, 9

*In re Hotel Syracuse, Inc.*,
    1991 U.S. Dist. LEXIS 18580 (N.D.N.Y Dec. 18, 1991)..................................................8

*In re Johns-Manville Corp.*,
    39 Bankr. 998 (Bankr. S.D.N.Y. 1984) .......................................................................7

*In re WorldCom, Inc. Sec. Litig.*,
    2003 WL 22953644 (S.D.N.Y. Dec. 16, 2003) .............................................................8

*Klinghoffer v. S.N.C. Achille Lauro*,
    921 F.2d 21 (2d Cir. 1990)........................................................................................8

*Lehman Bros. Holdings Inc. v. Evergreen Moneysource Mortg. Co.*,
  793 F. Supp. 2d 1189 (W.D. Wash. 2011)..........................................................................10

*Lehman Bros. Holdings, Inc. v. First Calif. Mortg. Corp.*,
  No. 13-cv-02113-CMA-KMT, 2014 WL 3843803 (D. Colo. Aug. 5, 2014) ...................10

*Lehman Bros. Holdings Inc. v. Universal Am. Mortg. Co., LLC*,
  No. 13-cv-00090-PAB-MJW, 2014 WL 3258409 (D. Colo. July 8, 2014).....................12

*Lehman Bros. Holdings Inc. v. Universal Am. Mortg. Co., LLC*,
  No. 13-cv-00090-PAB-MJB, 2014 WL 5069409 (D. Colo. Oct. 9, 2014).......................12

*Lehman Bros. Holdings, Inc. v. Universal Am. Mortg. Co., LLC*,
  No. 13-cv-0092-WJM-BNB, 2014 WL 4269118 (D. Colo. Aug. 28, 2014)...................10

*Lehman Bros. Holdings, Inc. v. Universal Am. Mortg. Co., LLC*,
  No. 13-cv-00093-CMA-MJW, 2014 WL 3843797 (D. Colo. Aug. 5, 2014) ...................10

*McDermott v. City of New York*,
  50 N.Y.2d 211, 428 N.Y.S.2d 643 (1980) ....................................................................1, 12

*ResCap Liquidating Trust Mortg. Purchase Litig. v. HSBC Mortg. Corp. (USA)*
  524 B.R. 563 (Bankr. S.D.N.Y. 2015)...............................................................................11

*Sompo Japan Ins. Co. of Am. v. Norfolk S. Ry. Co.*,
  762 F.3d 165 (2d Cir. 2014).........................................................................................1, 12

*Westwood Pharm., Inc. v. Nat'l Fuel Gas Distrib. Corp.*,
  964 F.2d 85 (2d Cir. 1992)..................................................................................................8

## Other Authorities

28 U.S.C. § 158...............................................................................................................1, 2, 7

28 U.S.C. 1292........................................................................................................1, 2, 7, 8, 9, 14

Plaintiff Lehman Brothers Holdings Inc. ("LBHI" or the "Plan Administrator"), the Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors, respectfully submits this memorandum of law in opposition to the motion of defendant Hometrust Mortgage Company ("Hometrust"), dated May 20, 2015, pursuant to 28 U.S.C. § 158(a)(1) and (3) and 28 U.S.C. § 1292(b) and Federal Rule of Bankruptcy Procedure ("FRBP") 8001, 8002, 8003 and 8004, for leave to appeal [Docket No. 33] (the "Motion for Leave")[1] from the Order Denying Hometrust Mortgage Company's Motion to Dismiss the Complaint entered on March 31, 2015 [Docket No. 28] (the "Order") and the Memorandum Decision Denying Motion to Dismiss, entered on May 7, 2015 [Docket No. 31] (the "Decision") in the above-captioned adversary proceeding.

## PRELIMINARY STATEMENT

Hometrust requests leave to appeal the Bankruptcy Court's Order denying Hometrust's motion to dismiss.  However, Hometrust completely fails to meet the standard required for such leave.  The Bankruptcy Court's Decision comprehensively evaluates and rejects Hometrust's arguments that LBHI's contractual indemnification claims are time barred.  The Bankruptcy Court followed well-established principles of contractual interpretation and 35 years of undisturbed New York precedent, to properly conclude that a claim for contractual indemnification does not accrue until liability to a third-party is fixed or payment is made.  *See McDermott v. City of New York*, 50 N.Y.2d 211, 217, 428 N.Y.S.2d 643, 646 (1980); *see also Cont'l Cas. Co. v. Stronghold Ins. Co.*, 77 F.3d 16, 21 (2d Cir. 1996)*; Sompo Japan Ins. Co. of Am. v. Norfolk S. Ry. Co.*, 762 F.3d 165, 188 (2d Cir. 2014).

---

[1] Unless otherwise specified herein, each reference to a "Docket No." refers to the document filed or entered under the corresponding ECF Doc. No. in the above-captioned adversary proceeding [Adv. Pro. No. 14-02392 (SCC)] in the Bankruptcy Court.

LBHI commenced this adversary proceeding in connection with its indemnification claims against Hometrust based on breaches of representations and warranties in certain loan purchase agreements. The Complaint seeks a declaration confirming that LBHI's claim for indemnification for Hometrust's breaches did not accrue until January 22, 2014, when LBHI's liability to a third party arising from Hometrust's breaches became fixed. Hometrust moved to dismiss the Complaint for failure to state a claim on statute of limitations grounds, asserting that LBHI's breach of contract claims accrued in 2006, when Hometrust first sold defective loans. Hometrust also simultaneously moved for a withdrawal of the reference to the Bankruptcy Court. Both motions were recently denied. In denying the motion for withdrawal of the reference, this Court determined that all LBHI indemnification claims should remain with the Bankruptcy Court at this early stage. The Bankruptcy Court also entered the Order denying Hometrust's motion to dismiss the Complaint and set forth its reasoning in the Decision.

Hometrust now requests that this Court exercise its discretion to grant leave to appeal the Bankruptcy Court's interlocutory Order, less than three months after this Court determined that all LBHI indemnification claims should remain with the Bankruptcy Court at this stage. The Motion for Leave disregards the foregoing rulings and fails to satisfy the extraordinarily high standards required for an interlocutory appeal.

Pursuant to 28 U.S.C. § 158(a) and 28 U.S.C. § 1292(b), interlocutory appeals from Bankruptcy Court orders are only permitted where the movant demonstrates (i) that the non-final order to be appealed presents a "controlling question of law," (ii) that there is a substantial ground for difference of opinion as to the controlling question, and (iii) that immediate appeal would materially advance the ultimate termination of the litigation. Even where all of these requirements are demonstrated, interlocutory appeals from Bankruptcy Court decisions are

permitted only in rare instances when a movant also demonstrates that "exceptional circumstances" justify immediate appellate review of the non-final order.  Hometrust cannot demonstrate the three requirements.  Hometrust also fails to demonstrate the "exceptional circumstances" necessary to deviate from the final judgment rule, *In re Flor,* 79 F.3d 281, 284 (2d Cir. 1996), especially given that this Court already determined that it should not hear LBHI indemnification claims or review the Bankruptcy Court's decisions about them until a later stage. For the reasons set forth in detail below, this Court should deny the Motion for Leave in its entirety.

## **PROCEDURAL HISTORY**

**A.  The Indemnification Claims**

In January and February 2014, respectively, the Bankruptcy Court approved large settlements between (i) the Plan Administrator and the Federal National Mortgage Association ("Fannie Mae") [Docket No. 42153] in the Chapter 11 case, and (ii) the Plan Administrator and the Federal Home Loan Mortgage Corporation ("Freddie Mac") [Docket No. 42754] in the Chapter 11 case, that resolved proofs of claims asserted by Fannie Mae and Freddie Mac against the LBHI Debtors relating to "alleged indemnity/reimbursement obligations," and "indemnity claims" arising from the sale of mortgage loans to Fannie Mae and Freddie Mac.  As a result of those settlements, the Plan Administrator has begun pursing indemnification claims (the "Indemnification Claims") against loan originators and thousands of other third parties (the "Sellers").

On May 29, 2014, the Plan Administrator filed a Motion For Alternative Dispute Resolution Procedures Order for Indemnification Claims of the Debtors Against Mortgage Loan Sellers, which sought to establish a comprehensive mediation procedure for Indemnification

3

Claims (the "ADR Procedures").  *See* Docket No. 44450 in the Chapter 11 case.  The Plan Administrator identified more than 3,000 potential counterparties and more than 11,000 loans that could qualify for Indemnification Claims, and urged mediation as the most efficient and least costly method to handle the expected large volume of disputes.  Over the objection of more than a dozen Sellers, the Bankruptcy Court granted the relief requested.  *See* Docket Nos. 44846 & 45277 in the Chapter 11 case (the "ADR Procedures Order").

At the hearing on the ADR Procedures motion, one objector (represented by the same law firm representing Hometrust in this case) contended it should not have to proceed with the ADR Procedures because the Plan Administrator's Indemnification Claims were barred by the statute of limitations – even though the Debtors' liability had been fixed only a few months earlier, pursuant to the Fannie Mae and Freddie Mac settlements, and even though it is black-letter law in New York that indemnification claims do not accrue until liability is fixed or payment is made.  *See* Docket No. 46928 in the Chapter 11 case (transcript of June 19, 2014 hearing, at pp. 48-49).

Following entry of the ADR Procedures Order, the Plan Administrator sought to resolve the Indemnification Claims by first attempting to track down and engage Sellers in informal business-to-business discussions.  *See* Complaint Exh. C (July 17, 2014 letter to Hometrust). During these business-to-business communications, numerous counterparty Sellers (including Hometrust) stated that the Indemnification Claims were time-barred and declined to engage in substantive discussions concerning a resolution of the claims.

**B.  Hometrust's Motion to Dismiss the Complaint and Motion for Withdrawal of the Reference**

On October 31, 2014, the Plan Administrator filed the Complaint [Docket No. 1].  After the Plan Administrator granted Hometrust two lengthy extensions of time to respond to the Complaint, on January 12, 2015, Hometrust filed a motion to dismiss the Complaint [Docket No. 10] (the "Motion to Dismiss") on the sole basis that the statute of limitations bars the Indemnification Claims.  At the same time, Hometrust moved for withdrawal of the reference to the Bankruptcy Court [Docket. No. 1 in Case No. 15 Civ. 304 (PAE)].

**C.  This Court's Opinion Denying Hometrust's Motion for Withdrawal of the Reference**

On February 25, 2015, this Court denied Hometrust's motion for a withdrawal of the reference [Docket. No. 14 in Case No. 15 Civ. 304 (PAE)] (the "District Court Opinion").  In that opinion, this Court expressly considered the statute of limitations arguments raised in Hometrust's Motion to Dismiss, Hometrust's arguments why this Court is suited to decide such non-bankruptcy law issues, and Hometrust's arguments why removing this case from the Bankruptcy Court would not risk a lack of uniformity among the adjudication of issues common to the Indemnification Claims.  *See* District Court Opinion, pp. 6-8.  This Court rejected those arguments and concluded that this case, as well as all LBHI's Indemnification Claims and all issues relevant to them, should all remain with the Bankruptcy Court until later stages when this Court could conduct a *de novo* review of the Bankruptcy Court's findings as to LBHI's Indemnification Claims. *See* District Court Opinion*,* pp. 5, 7-8.

In reaching its decision, this Court contemplated that the Bankruptcy Court might (as it now has) deny Hometrust's Motion to Dismiss and allow this case to "proceed[] beyond the motion to dismiss stage." *See id.,* p. 7-8.  This Court still reasoned that the interests of efficiency and uniformity are best served by leaving all LBHI's Indemnification Claims, and all issues

5

relevant to them, with the Bankruptcy Court. *See id.,* p. 7-9. "[Bankruptcy Court] Judge Chapman has … far greater familiarity with the underlying facts … and she likely has a superior understanding of the law and theories relevant to the parties' dispute[, which] will contribute to swifter resolution of the claims at issue [r]egardless of whether a particular count is core or non-core." *Id.,* p. 7 (internal citations omitted).

## D.  The Order and Decision Denying the Motion to Dismiss

The Order and Decision were entered March 31, 2015 and May 7, 2015, respectively.  As the Decision explains, Hometrust contends that, pursuant to New York law, the loan purchase agreement documents at issue (collectively, the "Agreement") cannot support a separate claim for contractual indemnification arising from Hometrust's breaches, and that the indemnification claim must instead be treated as a breach of contract claim which accrued when Hometrust breached the Agreement in 2006 by selling defective loans.  *See* Decision denying the Motion to Dismiss, pp. 7-8.  The Bankruptcy Court found that "*Hometrust's interpretation of the Agreement is at odds with … fundamental principles of contract interpretation in several respects.*"  *Id.*, p. 10 (emphasis added).  Further, Hometrust's interpretation  "places undue emphasis on the inclusion of the word 'indemnification' in section 710 of the Seller's Guide." *Id.*, p. 10.  "It does not give effect to all of the Agreement's provisions, specifically section 711 of the Seller's Guide," *id.*, p. 10, where "a right to a separate claim for indemnification is explicitly set forth[,] '*in addition to…any and all other remedies available to Purchaser under this [Agreement]*,' " which is in addition to any section 710 pre-suit remedy, *id.*, pp. 8-9, 11 (emphasis added).  The Bankruptcy Court additionally concluded that "Hometrust's interpretation of the Agreement also runs counter to market expectations and practices, as evidenced by market behavior." *Id.*, p. 11, fn. 9.  Finally, the Bankruptcy Court declined to upset 35 years of New York precedent and ruled that "[f]or the purpose of determining when the claim

6

accrues, there is no distinction between a claim for implied indemnification arising in tort context and a claim arising in a contractual context." *Id.*, p 18.

On the evening of May 20, 2015, Hometrust filed the Motion for Leave. Notably, earlier that same day, LBHI's counsel contacted Hometrust's counsel advising that LBHI intended to amend the Complaint to add an additional claim for money damages and requesting consent to the amendment. *See* Motion to Amend the Complaint filed on June 4, 2015 [Docket No. 36].

## ARGUMENT

I.   **THE ORDER IS A NON-FINAL INTERLOCUTORY ORDER THAT CANNOT BE APPEALED WITHOUT LEAVE OF COURT AND HOMETRUST CANNOT SATISFY THE HIGH STANDARD UNDER 28 U.S.C. § 158(a) AND 28 U.S.C. § 1292(b) TO PERMIT INTERLOCUTORY APPEAL**

The Order is unquestionably a non-final, interlocutory order. Hometrust concedes "[a] motion to dismiss a complaint in an adversary proceeding is classified as an interlocutory and *non-final* order." *See* Motion for Leave, pp. 4-5. By the Motion for Leave, Hometrust seeks interlocutory appeal of the Order pursuant to 28 U.S.C. § 158(a)(3), which grants parties a limited right to appeal non-final bankruptcy court orders. "The Bankruptcy Code and Rules do not provide a standard for evaluating the merits of a motion for leave to appeal an interlocutory order," but courts "apply, by analogy, the standards set forth in 28 U.S.C. § 1292(b) governing the appealability of interlocutory decisions of district court judges" in order to determine whether to permit interlocutory appeals of bankruptcy court orders under section 158(a)(3). *In re Aquatic Development Group, Inc.,* 196 B.R. 666, 669 (N.D.N.Y.1996); *see also In re Johns-Manville Corp.*, 39 Bankr. 998, 999 (Bankr. S.D.N.Y. 1984). The movant must demonstrates that (1) the "order involves a controlling question of law"; (2) "there is a substantial ground for difference of opinion" on the legal question presented; and (3) "an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). However,

7

even when all three of these criteria are demonstrated, "only 'exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment.' " *Klinghoffer v. S.N.C. Achille Lauro*, 921 F.2d 21, 25 (2d Cir. 1990) (*quoting* Coopers & Lybrand v. Livesay, 437 U.S. 463, 475, 57 L. Ed. 2d 351, 98 S. Ct. 2454 (1978)); *see also Enron Corp. v. Springfield Assocs., L .L.C. (In re Enron Corp),* No. 01 Civ. 16034, 2006 WL 2548592, at *3 (S.D.N.Y. Sept.5, 2006) ("[I]nterlocutory appeals from bankruptcy courts' decisions are disfavored in the Second Circuit [and are] warranted only when the movant demonstrates the existence of exceptional circumstances."); *In re WorldCom, Inc. Sec. Litig.,* 2003 WL 22953644, at *4 (S.D.N.Y. Dec. 16, 2003) ("Section 1292(b) is to be narrowly construed ... and must be strictly limited..."), *aff'd sub nom. Cal. Pub. Emps.' Ret. Sys. v. WorldCom, Inc.,* 368 F.3d 86 (2d Cir. 2004).  It is for this reason that the Second Circuit has "urge[d] the district courts to exercise great care in making a § 1292(b) certification." *Westwood Pharm., Inc. v. Nat'l Fuel Gas Distrib. Corp.,* 964 F.2d 85, 89 (2d Cir. 1992).

As explained more fully below, Hometrust cannot satisfy the three requirements under 28 U.S.C. § 1292(b).  While the issue for which Hometrust seeks interlocutory appeal may be a pure question of law, it is a question of law this Court has entrusted to the Bankruptcy Court. Regardless, Hometrust cannot satisfy the other two requirements under § 1292(b) and there are no circumstances, let alone "exceptional" ones, to justify immediate appellate review.

**A. The Question of Law for Which Hometrust Seeks Interlocutory Appeal has Been Entrusted to the Bankruptcy Court's Discretion and Therefore Cannot be Considered a "Controlling Question Of Law" Under 28 U.S.C. § 1292(b)**

"A controlling question of law is one that has 'the potential for substantially accelerating the disposition of the litigation' and does not concern 'matters that are entrusted to the discretion of the bankruptcy court.' " *Aquatic,* 196 B.R. at 669 (emphasis added) (quoting *In re Hotel*

*Syracuse, Inc.,* 1991 U.S. Dist. LEXIS 18580 at *7 (N.D.N.Y Dec. 18, 1991)).  Here, this Court determined that at this stage all the Indemnification Claims, and "the law and theories relevant to the parties' dispute," are all best left to the Bankruptcy Court.  *See* District Court Opinion, pp. 7-9.  Thus, the question of law at issue has been entrusted to the discretion of the Bankruptcy Court, at least for the current stages of the Indemnification Claims.

**B.  There is No Substantial Ground for Difference of Opinion as to the Bankruptcy Court's Application of Well-Settled Law Concerning the Accrual of Contractual Indemnification Claims**

The second prong of 28 U.S.C. § 1292(b), that there exists a substantial ground for difference of opinion, is met when "(1) there is conflicting authority on the issue, or (2) the issue is particularly difficult and of first impression for the Second Circuit." *Capitol Records, LLC v. Vimeo, LLC*, 972 F. Supp. 2d 537, 551 (S.D.N.Y. 2013) (quoting *In re Enron Corp.*, No. 06 Civ. 7828(SAS), 2007 U.S. Dist. LEXIS 70731, at *1 (S.D.N.Y. Sept. 24, 2007)).  However, "[t]he mere presence of a disputed issue that is a question of first impression, standing alone, is insufficient," *Capitol Records,* 972 F. Supp. 2d at 551 (quoting *In re Flor*, 79 F.3d 281, 284 (2d Cir. 1996)).  "Rather, the district court must 'analyze the strength of the arguments in opposition to the challenged ruling when deciding whether the issue for appeal is truly one on which there is a substantial ground for dispute.' " *Id.*  Here, there is no conflicting authority on point. Hometrust simply disagrees with the Bankruptcy Court's application of well-established New York contract law.  This is not sufficient.  *See In re Citigroup Pension Plan ERISA Litig.,* No. 05 Civ. 5296 (SAS), 2007 WL 1074912, at *2 (S.D.N.Y. Apr. 4, 2007) ("A mere claim that a district court's decision was incorrect does not suffice to establish substantial ground for a difference of opinion") (internal citations omitted).  Moreover, there is no question of first

impression in this case, only a run-of-the-mill disagreement about the application of established law to the contract at issue.

Hometrust argues that indemnification only exists as "a pre-suit contractual remedy" for a Seller's breach under section 710 of the Seller's Guide in the Agreement, and that the Indemnification Claims must be treated as breach of contract claims that accrued at the time of the alleged breach (not when liability to a third party became fixed).  *See* Decision, pp. 9-10. Hometrust's arguments are based on a misinterpretation of the Agreement, which "*is at odds with ... fundamental principles of contract interpretation in several respects*" and "*runs counter to market expectations and practices, as evidenced by market behavior*."  *See id.*, pp. 10-11, fn. 9 (emphasis added).  As the Bankruptcy Court correctly recognized, under the plain language of section 711 of the Seller's Guide, a right to a separate claim for indemnification is explicitly set forth in addition to any section 710 pre-suit remedy.  *See id.*, pp. 9-10, 18.

To support its misinterpretation of the Agreement, Hometrust principally relies upon three decisions from the District of Colorado.[2]  *See* Decision, p. 13.  The Bankruptcy Court found that none of these decisions mentions or even analyzes section 711 of the Seller's Guide, or attempts to determine whether it supports a right to indemnification claims separate from breach of contract claims.  *See id.*   Hometrust also heavily relies on *Lehman Bros. Holdings Inc. v. Evergreen Moneysource Mortg. Co.*, 793 F. Supp. 2d 1189 (W.D. Wash. 2011), *see* Decision, p. 13, but, as the Bankruptcy Court recognized, "the *Evergreen* court did not need to analyze the issue presented here." *See* Decision, p. 16.

---

[2] *Lehman Bros. Holdings, Inc. v. Universal Am. Mortg. Co., LLC*, No. 13-cv-0092-WJM-BNB, 2014 WL 4269118 (D. Colo. Aug. 28, 2014); *Lehman Bros. Holdings, Inc. v. First Calif. Mortg. Corp.*, No. 13-cv-02113-CMA-KMT, 2014 WL 3843803 (D. Colo. Aug. 5, 2014); and *Lehman Bros. Holdings, Inc. v. Universal Am. Mortg. Co., LLC*, No. 13-cv-00093-CMA-MJW, 2014 WL 3843797 (D. Colo. Aug. 5, 2014).

Regarding its assertion that contractual indemnification claims must be treated as breach of contract claims that accrued at the time of the breach, Hometrust insists that its reasoning has been applied by recent New York cases and even in the Southern District of New York Bankruptcy Court, citing "*In Re: Residential Capital, LLC, et al, Debtors*. Case No 12-12020 Doc 64 page 38-41 citing *Ace*, 5 F. Supp. 3d at 552, *Ace Sec. Corp. v. DB Structured Prods., Inc.* 112 A.D. 3d 522-523 (Appellate Argument heard May 5, 2015)." *See* Motion for Leave, p. 10, fn. 7, 14.  However, none of those cases addresses when contractual indemnification claims accrue, and none holds that a cause for contractual indemnification cannot exist separate from a breach of contract claim.

Assuming Hometrust intended to cite to *ResCap Liquidating Trust Mortg. Purchase Litig. v. HSBC Mortg. Corp. (USA) (In re Residential Capital, LLC)*, 524 B.R. 563 (Bankr. S.D.N.Y. 2015),[3] that decision only addresses the accrual for breach of contract claims (not indemnification claims), and whether indemnification of losses relating to fraud-based claims should be barred as a matter of law, which they were not.  *ACE Sec. Corp. v. DB Structured Prods., Inc.*, 112 A.D.3d 522 (N.Y. App. Div. 1st Dep't 2013) addresses claims for repurchase of loans, not claims for indemnification for liability to third parties.

Hometrust repeatedly asserts that "the [Bankruptcy] [C]ourt applied equitable indemnification principles to a contract matter and interpreted the statute of limitations based on that erroneously applied law." *See* Motion for Leave, pp. 9, 11.  But Hometrust cites no authority conflicting with the Second Circuit's holding that, "[f]or purposes of determining when the claim accrues, there is no distinction between a claim for implied indemnification arising in a tort

---

[3] Doc 64 on Case No. 12-12020 in the Bankruptcy Court for the Southern District of New York is just an application for pro hac vice admission.

context and a claim arising in a contractual context." *See* Decision, p. 18 (citing *Sompo Japan Ins. Co. of Am. v. Norfolk S. Ry. Co.*, 762 F.3d 165, 188 (2d Cir. 2014)).  Moreover, it is black letter law in New York – and has been for approximately 35 years – that indemnification claims do not accrue until the liability to a third-party is fixed or a payment is made.  *See McDermott v. City of New York*, 50 N.Y.2d 211, 217, 428 N.Y.S.2d 643, 646 (1980); *see also Sompo*, 762 F.3d at 188; *Cont'l Cas. Co. v. Stronghold Ins. Co.*, 77 F.3d 16 (2d Cir. 1996).

As the Bankruptcy Court pointed out, "[u]nder the 'consistent line' of New York authority cited by Hometrust, *see e.g.*, *Hahn Auto. Warehouse, Inc. v. Am. Zurich Ins. Co.*, 967 N.E.2d 1187 (N.Y. 2012), a cause of action for indemnification accrues when a party possesses a legal right to demand payment; here, LBHI possessed no such right until it paid Fannie Mae." *See* Decision, p. 16.  Moreover, the Bankruptcy Court "conclude[d] that [two cases,] *Universal II*, and Judge Brimmer's subsequent decision in [*Universal V*] contain the most thorough treatment of the issues here presented."[4] *See* Decision, p. 16.  As the Bankruptcy Court observed, "*Universal II ...* consider[ed] a claim for indemnification under section 711 of the Seller's Guide and held that LBHI's claim for indemnification under section 711 of the Seller's Guide did not accrue until it made payment to a third party."  *See* Decision, p. 15.  The Bankruptcy Court also observed that "[t]he in-depth analysis of the provisions of the Agreement undertaken in *Universal V … lays to rest any question that section 711 of the Seller's Guide must be read to afford a third party indemnification rights that accrue only when a payment is made*." *See* Decision, p. 17 (emphasis added).

---

[4] *Lehman Bros. Holdings Inc. v. Universal Am. Mortg. Co., LLC*, No. 13-cv-00090-PAB-MJW, 2014 WL 3258409 (D. Colo. July 8, 2014) ("Universal II") and *Lehman Bros. Holdings Inc. v. Universal Am. Mortg. Co., LLC*, No. 13-cv-00090-PAB-MJB, 2014 WL 5069409 (D. Colo. Oct. 9, 2014) ("Universal V").

In sum, Hometrust's arguments do not undermine the reasoning of the Bankruptcy Court's Decision denying the Motion to Dismiss.  Hometrust has failed to identify a substantial ground for a difference of opinion as to how the Bankruptcy Court interpreted the contract or that a claim for third party indemnification accrues before a payment is made, and Hometrust's Motion for Leave should be denied.

## C.  This Court Already Determined That Its Involvement Would Not Materially Advance the Ultimate Termination of LBHI's Indemnification Claims

Hometrust argues that immediate appellate review of the Bankruptcy Court's Order and Decision denying the Motion to Dismiss would materially advance the ultimate termination of the Indemnification Claims disputes between LBHI and thousands of Sellers, including Hometrust, "regardless of the decision reached."  However, this Court determined that all LBHI Indemnification Claims, including this case, and "the law and theories relevant to the parties' dispute," are all best left to the Bankruptcy Court until this Court is prepared to conduct a *de novo* review of the Bankruptcy Court's findings for entry of final judgment regarding LBHI's Indemnification Claims.  *See* District Court Opinion, pp. 7-9.  This Court reached that conclusion in contemplation of the Motion to Dismiss being denied, reasoning that "[i]f this case proceeds beyond the motion to dismiss stage, there are likely to be many other common claims and defenses," *see id.,* p. 7-8, and that "if mediation [ADR Procedures] fails, the Bankruptcy Court may be able to streamline or centralize discovery across the various indemnification actions," *see id.* at p. 6.  Moreover, this Court acknowledged the Bankruptcy Court "has … far greater familiarity with the underlying facts … and superior understanding of the law and theories relevant to the parties' dispute[, which] will contribute to swifter resolution of the claims at issue."  *Id.,* p. 7 (internal citations omitted).

13

Nothing has changed since the District Court Opinion that would justify second guessing that decision.  Indeed all that has changed is that now an amended Complaint is pending with an additional claim against Hometrust for money damages.  *See* Docket No. 35. Interlocutory appeal of the Order denying the motion to dismiss the Complaint is completely unwarranted in the face of the additional claim which has not yet been responded to by Hometrust or ruled upon by the Bankruptcy Court.

**D.  There are No "Exceptional Circumstances" to Justify Deviating From the General Rule Against Interlocutory Appeals**

Even when all three of the requirements under 28 U.S.C. § 1292(b) are satisfied, "interlocutory appeals from bankruptcy courts' decisions are disfavored in the Second Circuit [and are] warranted only when the movant demonstrates the existence of exceptional circumstances."  *Enron*, 2006 WL 2548592, at *3.  Here, for the same reasons that it fails to satisfy the third requirement under § 1292(b), Hometrust also completely fails to demonstrate exceptional circumstances.  As explained above, this Court already determined that it should not hear the LBHI Indemnification Claims or review the Bankruptcy Court's decisions about them until this Court is prepared to conduct a *de novo* review of the Bankruptcy Court's rulings and recommendations.  The additional claim against Hometrust in the pending amended Complaint makes this interlocutory appeal even more problematic and unwarranted.  Granting leave for this interlocutory appeal now would only risk piecemeal appeals and lack of uniformity among LBHI Indemnification Claims adjudications.  *See Enron*, 2006 WL 2548592, at *3.

## <u>CONCLUSION</u>

For all of the foregoing reasons, the Plan Administrator respectfully submits that

Hometrust's Motion for Leave should be denied in all respects.

Dated: New York, New York
      June 8, 2015               Respectfully submitted,

                                   */s/     William A. Maher*
                                   William A. Maher
                                   Thomas P. Ogden
                                   Adam M. Bialek
                                   John D. Giampolo
                                   Wollmuth Maher & Deutsch LLP
                                   500 Fifth Avenue
                                   New York, New York 10110
                                   Telephone: (212) 382-3300
                                   Facsimile: (212) 382-0050

                                   -and-

                                   Michael A. Rollin
                                   Maritza Dominguez Braswell
                                   Jones & Keller, P.C.
                                   1999 Broadway, Suite 3150
                                   Denver, Colorado 80202
                                   Telephone: (303) 573-1600
                                   Facsimile: (303) 573-8133

                                   *Attorneys for Appellee,*
                                   *Lehman Brothers Holdings Inc.*