```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
                                    :    15cv4060
HOMETRUST MORTGAGE CO.,             :
                                    :
                Appellant,          :
                                    :
        v.                          :
                                    :    MEMORANDUM & ORDER
LEHMAN BROTHERS HOLDINGS, INC.,     :
                                    :
                Appellee.           :
                                    :
------------------------------------X
                                    :    15cv4061
LHM FINANCIAL CORPORATION,          :
                                    :
                Appellant,          :
                                    :
        v.                          :
                                    :    MEMORANDUM & ORDER
LEHMAN BROTHERS HOLDINGS, INC.,     :
                                    :
                Appellee.           :
                                    :
------------------------------------X
```

WILLIAM H. PAULEY III, District Judge:

Hometrust Mortgage Co. ("Hometrust") and LHM Financial Corporation ("LHM") move for leave to appeal orders of United States Bankruptcy Judge Shelley C. Chapman denying their motions to dismiss Lehman Brothers Holdings, Inc.'s ("LBHI") Complaints against them. For the following reasons, Hometrust and LHM's motions for leave to appeal under Bankruptcy Rule 8004 and 28 U.S.C. § 158(a)(3) are denied.

BACKGROUND

These motions arise out of two adversary proceedings in the LBHI bankruptcy. The Federal National Mortgage Association ("Fannie Mae") and the Federal Home Loan

Mortgage Corporation ("Freddie Mac") filed claims against LBHI seeking indemnification and reimbursement for allegedly defective mortgage loans purchased from LBHI and its subsidiaries, including loans originating from Hometrust and LHM. In January 2014, Fannie Mae and Freddie Mac settled their claims with LBHI. Those settlements, along with an alternative dispute resolution mediation procedure for LBHI's indemnification claims against approximately 3,000 counterparties, were approved by the Bankruptcy Judge.

In October 2014, LBHI filed separate adversary proceedings against Hometrust and LHM seeking to enforce its contractual indemnification rights and recover damages. Hometrust and LHM, represented by the same counsel, moved separately in the District Court to withdraw the reference in these respective adversary proceedings. The Hometrust action was randomly assigned to Judge Paul A. Engelmayer, and LHM action was randomly assigned to Judge Gregory H. Woods. The issues and counsel were identical for all parties in both actions.

Thereafter, Judge Engelmayer denied Hometrust's motion, while acknowledging that LBHI's contractual indemnification claim was a non-core claim as to which the Bankruptcy Court cannot enter a final order. (See 15 Civ. 304 (PAE), ECF No. 14, Feb. 25, 2015.) And Judge Woods adopted Judge Engelmayer's reasoning in a separate opinion, and denied LHM's motion. (See 15 Civ. 300 (GHW), ECF No. 16, May 12, 2015.)

Rebuffed by two District Judges, Hometrust and LHM moved separately to dismiss LBHI's adversary complaints in the Bankruptcy Court. They argued that LBHI's claims were barred by C.P.L.R. § 213(2)'s six year statute of limitations. Specifically, Hometrust and LHM contended that LBHI's claims accrued when the subject loans were sold by Hometrust and LHM in 2006. The Bankruptcy Judge denied Hometrust and LHM's motions. In separate

decisions, she held that LBHI's claims were not time barred because their claims for contractual indemnification did not accrue until January 2014, the date of the settlements with Fannie Mae and Freddie Mac.

Seeking to invoke the jurisdiction of the District Court one more time, Hometrust and LHM moved separately for leave to appeal the Bankruptcy Judge's orders denying their motions to dismiss. The same counsel filed separate actions on the same day without indicating that they were potentially related. Hometrust's motion for leave to appeal was assigned to Judge Lorna G. Schofield and briefs were submitted. LHM's motion was assigned to this Court where briefs were submitted and oral argument held. At that argument, this Court learned of Hometrust's parallel action. To conserve judicial resources, this Court agreed to accept the Hometrust action as related to the LHM action because they in fact are identical.

Too often, parties in bankruptcy proceedings initiate separate actions in the District Court, whether to revoke the reference or for leave to appeal, that involve precisely the same legal question, at precisely the same moment in time. Under Local Civil Rule 1.6, attorneys have a responsibility to aid the court in avoiding needless duplications of effort. This is particularly true in cases where the attorneys on both sides of each case are identical, the briefs are virtually identical, and the legal question is the same. The multiplication of proceedings does not inure to the benefit of litigants in bankruptcy matters, nor does it aid the swift and cost-effective administration of justice.

DISCUSSION

Under 28 U.S.C. § 158(a)(3), district courts apply the standard governing interlocutory appeals as set forth in 28 U.S.C. § 1292(b). Interlocutory appeals from bankruptcy court orders such as this one are "disfavored in the Second Circuit." In re Enron Corp., No. 01-16034, 2006 WL 1222035, at *1 (S.D.N.Y. May 3, 2006). They are nevertheless permitted where the movant demonstrates: (1) that the non-final order to be appealed presents a "controlling question of law;" (2) that there is "substantial ground for difference of opinion" as to the controlling question; and (3) that immediate appeal would "materially advance the ultimate termination of the litigation." See 28 U.S.C. § 1292(b) (emphasis added). These criteria are "conjunctive, not disjunctive." Ahrenholz v. Board of Trustees of University of Illinois, 219 F.3d 674, 676 (2d Cir. 2000).

Hometrust and LHM do not demonstrate "substantial ground for difference of opinion" as to the controlling question, i.e., when LBHI's claims accrued. Substantial ground for difference of opinion exists where "(1) there is conflicting authority on the issue, or (2) the issue is particularly difficult and of first impression in the Second Circuit." Capitol Records, LLC v. Vimeo, LLC, 972 F. Supp. 2d 537, 551 (S.D.N.Y. 2013) (internal quotations and citations omitted). However, the mere existence of a disputed issue, standing alone, is insufficient. Capitol Records, 972 F. Supp. 2d at 551.

In issuing her decisions on Hometrust and LHM's motions to dismiss, the Bankruptcy Judge rejected the argument that LBHI's indemnification claims exist only as a "pre-suit contractual remedy." She correctly declined to treat them as breach of contract claims accruing at the time of the alleged breach, i.e., when the subject loans were sold by LHM and

Hometrust in 2006. Instead, the Bankruptcy Judge found that the plain language of the agreement between the parties explicitly recognized a right to a separate claim for indemnification, in addition to any pre-suit remedy. (See Hometrust Decision 9-10; 18.)

For purposes of determining when claims accrue, the Bankruptcy Judge held that there was no distinction between a claim for implied indemnification in a tort context and a similar claim in a contractual context. See Sompo Japan Ins. Co. of Am. v. Norfolk S. Ry. Co., 762 F.3d 165, 188 (2d Cir. 2014). That holding is sound. It is black letter law in New York that indemnification claims do not accrue until the liability to a third-party is fixed, or payment is made—in this case when LBHI settled with Fannie Mae and Freddie Mac in 2014. See McDermott v. City of New York, 50 N.Y.2d 211, 217 (1980).

In her rulings, the Bankruptcy Judge adopted the reasoning in Lehman Bros. Holdings, Inc., v. Universal Am. Mortg. Co., LLC, No. 13 Civ. 09 (PAB) (MJB), 2014 WL 5069409 (D. Colo. Oct. 9, 2014) ("Universal V"), noting that it contained "the most thorough treatment of the issues here presented and [was] persuasive." She rejected Lehman Bros. Holding, Inc., v. Universal Am. Mortg. Co., LLC, 2014 WL 4269118, *3-4 (D. Colo. Aug. 28, 2014) ("Universal IV"). (See Hometrust Decision at 15.) Her rejection was well-reasoned.

Further, Hometrust and LHM's reliance on Ace Sec. Corp. v. DB Structured Prods. Inc., 25 N.Y.3d 581 (2015) to manufacture "conflicting authority" on this issue is unpersuasive. Ace involved claims for the repurchase of loans, not indemnification for liability to third parties.

There can be no "substantial doubt" that the Bankruptcy Judge's decisions were correct. See SPL Shipping Ltd. v. Gujarat Cheminex Ltd., No. 06-CV-15375 (KMK), 2007 WL

1119753, at *2 (S.D.N.Y. Apr. 12, 2007). The Bankruptcy Judge "canvassed and analyzed every case in which the [a]greement or documents closely akin to the [a]greement have been at issue." (Hometrust Decision at 16.)

Accordingly, Hometrust and LHM's motions fail because they cannot demonstrate "substantial ground for difference of opinion" as to when LBHI's claims accrued.

CONCLUSION

For the foregoing reasons, Hometrust and LHM's motions for leave to appeal the Bankruptcy Court for the Southern District of New York's decision and related orders denying LHM and Hometrust's motions to dismiss Lehman Brothers Holdings, Inc.'s Complaint are denied. The Clerk of Court is directed to terminate all pending motions in 15 Civ. 4060 and 15 Civ. 4061 and mark both cases closed.

Dated: September 25, 2015
      New York, New York

SO ORDERED:

_____
WILLIAM H. PAULEY III
U.S.D.J.

*All Counsel of Record.*